# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| TONY VASQUEZ, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )    Case No. 2:08-cv-04081-NKL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Movant Tony Vasquez's ("Vasquez") Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. # 1]. For

the reasons set forth below, the Motion will be denied.

## I.     Background

In November 2003, Vasquez was indicted for possession with intent to distribute

cocaine base and cocaine powder. Before he plead guilty in February 2005, Vasquez's

attorney, Nancy Price ("Price"), discussed with him the potential sentences he faced under

the Federal Sentencing Guidelines ("Guidelines"). By way of affidavit, Price says she

repeatedly discussed with Vasquez whether he would be classified as a Career Offender

under the Guidelines. In May 2004, Price and Vasquez discussed the impact of his prior

state convictions on the Career Offender analysis; Price advised Vasquez that he would

face a sentence of 120 to 327 months if he was found to be a Career Offender. In July

2004, Price further explained Career Offender issues to Vasquez. Price told him she

1

would argue against two particular prior convictions forming a basis for Career Offender status: the first for second degree burglary in 1991 and the second for "second degree assault with intent to cause serious bodily injury – heat of passion" in 2001. In August 2004, she explained to him that there were arguments to be made on both sides of the Career Offender issue; she informed him that the presentence investigation report ("PSR") would likely classify him as a Career Offender.

In February 2005, while represented by Price, Vasquez plead guilty to indictment Count One – possession with intent to distribute five grams or more of cocaine base – and Count Two – possession with intent to distribute cocaine. Vasquez entered his plea without a written plea agreement, which he acknowledged at the plea hearing. He also acknowledged that application of the Guidelines is somewhat unpredictable. Vasquez testified that he understood the charges against him. The Court advised him that, under the Guidelines, the range of punishment for the charges to which he was pleading was: for Count One, five to forty years' imprisonment, plus a $2 million fine, plus not less than four years' supervised release; and for Count Two, up to twenty years' imprisonment and a $250,000 fine, plus not less than three years' supervised release. The Court advised that these sentences could run consecutively. Further, the Court advised Vasquez that he would be bound by his guilty plea, even if his sentence was more severe than he anticipated.

At the plea hearing, Vasquez testified that he had all the information he needed in order to decide how to plead. He testified that he had discussed his rights with Price, that

2

she answered his questions concerning his rights satisfactorily, and that no promises had been made to him about how the Court would sentence him. He testified that he had enough time to talk to Price before deciding how to plead. Vasquez testified that he was satisfied with Price's representation and that Price did what he asked her to do. He stated that he was not coerced in any way or by anyone into pleading guilty.

The PSR recommended application of the Guidelines' Career Offender provisions, based on Vasquez's prior state convictions for attempted second degree burglary and second degree assault with intent to cause serious bodily injury – heat of passion. This called for a base offense level of 34 and, after an adjustment for acceptance of responsibility, a total offense level of 31. The applicable sentencing Guidelines range for this level is 188 to 235 months. Without application of the Career Offender provisions, the Guidelines range for Vasquez's sentence would have been 92 to 115 months.

Prior to sentencing, Price filed written objections to the application of the Career Offender provisions as suggested in the PSR, arguing that both state convictions were not crimes of violence. Specifically, Price argued that the charging document for the assault conviction does not allege a crime of violence and shows that Vasquez did not have the mental state to have engaged in a crime of violence.

The Court conducted a sentencing hearing in July 2005. Price again raised objections concerning the prior convictions. She introduced documents from the assault case, including the complaint, charging document, applicable statute, motion to dismiss, plea agreement, and conviction. Price presented the applicable law to the Court and

vigorously argued the facts and law relevant to that objection; she argued that the documents from the assault charge did not indicate it was the type of crime of violence which should double Vasquez's sentence. Price argued for a term of imprisonment of 92 months; the Government argued for 188 months. Vasquez addressed the Court, noting his history of drug problems and his desire to turn his life around.

The Court considered but overruled the objection, and found that both state convictions were for crimes of violence. The Court varied from the 188 to 235 month Guidelines range, and imposed a sentence of 120 months' imprisonment followed by five years' supervised release. In varying the sentence downward, the Court addressed the assault conviction; the Court noted that the record showed that the crime did not appear to be the sort which would cause a serious threat to the community and that it should not, simply by elevating Vasquez to Career Offender status, double his sentence.

Vasquez appealed his sentence, with Price as counsel. In that appeal, Price argued that Vasquez's state convictions were not crimes of violence, so as to require a finding that he is a Career Offender. In an unpublished opinion, the Eighth Circuit affirmed Vasquez's conviction. The Supreme Court of the United States denied Vasquez's petition for writ of certiorari.

Vasquez asserts that he received ineffective assistance of counsel at his plea, sentencing, and appeal. He argues that Price failed to advise him of all the facts and law relevant to his decision to plead guilty: he says that he would not have plead guilty had he been aware of the effect of his prior state convictions upon his classification as a Career

4

Offender.  In addition, Vasquez argues that Price failed to investigate those prior state convictions, that she failed to object to the Court's consideration of them, and that she failed to argue on appeal that the Court erred in considering them.  Further, Vasquez asserts that Price should have argued for a downward departure based upon eighteen months he spent in county jail on an unrelated conviction "and did not receive the credit for"; he says Price should have moved for a downward departure under 18 U.S.C. § 3553(a).  Vasquez generally states that Price labored under a conflict of interest.  He says that, but for Price's ineffective assistance, the outcome of his proceedings would have been different. He requests that his sentence be vacated, and that he be issued a new sentence of time served; he also requests an evidentiary hearing and discovery on his Motion to Vacate.

## II.    Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief.  *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996).  However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face.  *Id.*  Moreover, the Court need not hold an evidentiary hearing on a motion to vacate when the files and records conclusively show that the movant is not entitled to relief.  *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998).  After reviewing the records and files, the Court concludes that all of Vasquez's claims can be fully and fairly evaluated on the existing record, and that no evidentiary hearing or discovery is necessary.

5

## III.    Discussion

### A.    Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, a § 2255 movant must demonstrate (1) that his counsel's performance was constitutionally deficient, and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995). The petitioner must also show that counsel's performance was not within the range of sound defense strategy. *Strickland*, 466 U.S. at 690.

Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This showing must include an analysis of the probability that the desired relief would have been granted by the Court. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir.2000) (if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice). The Court need not address both components of the *Strickland* analysis if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

6

### 1. Failure to Advise of Facts Concerning Prior Convictions

Vasquez argues that Price failed to advise him of all the facts and law relevant to his decision to plead guilty. He bases this argument on a purported failure to advise him concerning the impact of his prior convictions on his potential Career Offender status.

However, Vasquez was advised on the range of potential sentences prior to entering his plea. Price advised Vasquez of the Guidelines range for his sentence. Before accepting his guilty plea, the Court explained that Vasquez's sentence on Count One would be five to forty years and on Count Two would be up to twenty years. *See Chambliss v. U.S.*, 65 F.3d 172 (8th Cir. 1995). "A defendant is not constitutionally entitled to more advice than this." *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007) (citations omitted). Any confusion Vasquez had about the possible sentence he faced was cured by the Court before it accepted his guilty plea.

Vasquez avers that the outcome of his proceeding would have been different had he known all facts relevant to his Career Offender status – i.e., he would not have plead guilty had he been aware of the effect of his prior convictions on his Career Offender status. Prior to his plea and on multiple occasions, Price discussed with Vasquez the issues surrounding his prior convictions and potential Career Offender status. She specifically advised him that there were arguments to be made for and against Career Offender status. He still chose to plead guilty. Vasquez does not indicate how Price should have advised him differently or how any advice she could have given would have changed his decision to plead guilty. Vasquez has not established that the outcome of his

7

plea decision would have been different with any additional information.  Vasquez has

not established that Price was ineffective with regard to informing him of the impact of

his prior convictions.

### 2. Failure to Investigate Prior Convictions

Vasquez argues that Price did not investigate his prior convictions.  The record

demonstrates that she presented documentary evidence concerning those prior convictions

at his sentencing hearing.  She argued that evidence at length.  Vasquez does not indicate

how Price should have further investigated his prior convictions, or what she might have

found in conducting further investigation.  Vasquez has established neither component of

an ineffective assistance claim with regard to failure to investigate.

### 3. Failure to Object to or Appeal Consideration of Prior Convictions

Vasquez argues that Price failed to object to consideration of his prior convictions

with regard to his Career Offender status, and that she failed to appeal the Court's finding

that he is a Career Offender based on the prior convictions.  The PSR, hearing transcripts,

and appellate record in this case show that these claims are without merit.  He cannot

establish ineffective assistance on these bases.

### 4. Failure to Argue for Downward Departure

Vasquez asserts that Price should have argued for a downward departure.  He says

she failed him by not arguing for a departure based upon eighteen months Vasquez spent

in county jail "and did not receive the credit for."  The Court's docket shows that Vasquez

first appeared in this Court pursuant to a writ from the Missouri Department of

8

Corrections, where he was serving a state sentence on an unrelated 2001 drug conviction. (Vasquez committed the instant offense while on parole from that prior conviction.) Vasquez was not in federal custody while he was in jail under the writ.

There is no basis upon which Price could have argued that Vasquez should receive credit for time he served on that state sentence. Under Section 5G1.3 of the Guidelines, "a defendant may receive credit for time served on a separate term of imprisonment if several conditions are met." *United States v. Lozano*, 486 F.3d 446, 448 (8th Cir. 2007). One of these conditions is that the term of imprisonment "resulted from another offense that is Relevant Conduct to the instant offense of conviction" under Section 1B1.3 of the Guidelines. *United States v. Parker*, 512 F.3d 1037 (8th Cir. 2008)(citations omitted). The 2001 drug offense was based on a set of events separate from the instant offense: it was not Relevant Conduct. *See* 18 U.S.C. appx. § 1B1.3 n. 8 ("For the purposes of subsection (a)(2), offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction"). It could not have served as the basis for a downward departure under Section 5G1.3. Price was not ineffective for failure to argue for one.

Also, Vasquez says Price should have moved for a downward departure under 18 U.S.C. § 3553(a) based on his time in county jail. The parties have cited no law concerning the potential for such a departure. Even so, Price did discuss with the Court several factors listed in § 3553(a), without specifically citing that statute; having done so

9

and having vigorously argued the Career Offender issue, it was not objectively

unreasonable for Price not to have argued additional grounds for deviating from the

Guidelines recommendation.  The Court considered the relevant factors set forth in

§ 3553(a), including:  the nature and circumstances of Vasquez's offense, Vasquez's

history and characteristics, the seriousness of the offense, the need to deter and protect the

public, Vasquez's treatment needs, the kinds of sentences and sentencing range

established, and the type of sentences imposed for similar conduct.  The Court then

sentenced Vasquez to 120 months – over five years less than the recommended

Guidelines range.  It is unlikely that an argument concerning Vasquez's jail time would

have resulted in a lower sentence.  Vasquez has not established ineffective assistance

based on failing to raise the issue of his eighteen months in county jail on an unrelated

conviction.

### 5. Conflict of Interest

Vasquez generally states that Price labored under a conflict of interest.  He does

not specify what conflict Price may have had or how it affected her representation of him.

Price's affidavit states that she had no conflict.  Vasquez testified at his plea hearing that

he was satisfied with her representation, that he understood the claims against him, and

that he understood the range of potential sentences.  *See generally United States v.*

*Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000), *cert. denied*, *Villanueuve Monroy v.*

*United States,* 531 U.S. 1181 (2001) (rejecting motion to withdraw plea where defendant

testified to satisfaction with his attorney, admitted guilt, and understood the proceedings).

10

His claim concerning ineffective assistance based on conflict of interest is without merit.

**B.      Issues Raised by *Kimbrough v. United States***

Vasquez filed a supplemental motion, seeking to add to his Motion to Vacate issues raised by *Kimbrough v. United States*, 128 S. Ct. 558 (2007).  Vasquez has filed a separate motion in his criminal case addressing *Kimbrough* issues pursuant to 18 U.S.C. § 3582(c).  As his § 3582(c) motion is the proper vehicle by which to address *Kimbrough*, the Court denies without prejudice Vasquez's Motion to Vacate to the extent it raises such issues.

**IV.    Conclusion**

Accordingly, it is hereby

ORDERED that Vasquez' Motion to Vacate [Doc. # 1] is denied.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  September 15, 2008
Jefferson City, Missouri

11